**Robert Louis MARTIN, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–05–00687–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 2007.

Kenneth E. Goode, Houston, for Appellant.

Kevin P. Keating, Houston, for State.

Panel consists of Justices HUDSON, FROST and SEYMORE.

## SUBSTITUTE OPINION

CHARLES W. SEYMORE, Justice.

We overrule appellant's motion for rehearing. Our opinion dated December 7, 2006 is withdrawn, and we issue this substitute opinion.

■ We are presented with an accelerated appeal from an order extending inpatient mental health services for a period of one year. Appellant, Robert Louis Martin, was indicted for aggravated assault after he stabbed a cab driver multiple times in the chest and back with a knife. Following a bench trial on March 7, 2002, the trial court found appellant not guilty by reason of insanity, and he was committed to the maximum security unit at the North Texas State Hospital. The trial court subsequently extended appellant's commitment order five times. *See Martin v. State*, No. 14–04–00689–CV, 2005 WL 2787033, at *1 (Tex.App.-Houston [14th Dist.] Oct. 27, 2005, no pet.) (mem. op.). The June 2005 extension forms the basis for this appeal.[1] In three issues, appellant

---

1. In April 2006, the trial court released appellant from inpatient care and signed an order for outpatient services. However, under the collateral consequences exception, this appeal is not moot. *See Johnstone v. State*, 22 S.W.3d 408, 409 n. 1 (Tex.2000) (per curiam) (applying mootness doctrine's collateral consequences exception to temporary mental health commitment orders); *Campbell v. State*, 68 S.W.3d 747, 753–54 (Tex.App.-Hous-

contends (1) the recommitment order is void because it does not specify which statutory criteria formed the basis for recommitment, (2) the evidence is legally insufficient to support the order, and (3) the evidence is factually insufficient to support the order. We limit our discussion to appellant's second issue because it is dispositive.

## I. APPLICABLE STATUTORY PROVISIONS

Section 574.035 of the Mental Health Code is entitled, "Order for Extended Mental Health Services." TEX. HEALTH & SAFETY CODE ANN. § 574.035 (Vernon 2003). Under 574.035 subsection (a), the trial court may order extended inpatient mental health services if the trier of fact finds, by clear and convincing evidence, that the proposed patient meets, among other requirements, the following criteria:

(1) the proposed patient is mentally ill; and

(2) as a result of that mental illness the proposed patient:

(A) is likely to cause serious harm to himself;

(B) is likely to cause serious harm to others; or

(C) is:

(i) suffering severe and abnormal mental, emotional, or physical distress;

(ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by

the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety; and

(iii) unable to make a rational and informed decision as to whether or not to submit to treatment

TEX. HEALTH & SAFETY CODE ANN. § 574.035(a).

Commitment proceedings concerning persons who have been found not guilty by reason of insanity are civil in nature. *Campbell v. State*, 85 S.W.3d 176, 180 (Tex.2002). Former article 46.03 of the Texas Code of Criminal Procedure, applicable to this case, sets forth the procedure for the insanity defense in criminal prosecutions, hearings, and other procedures relating to appellant's acquittal by reason of insanity. *See* Act of May 25, 1983, 68th Leg., R.S., ch. 454, 1983 Tex. Gen. Laws 2640, 2640–46 (repealed 2005) (current version at TEX.CODE CRIM. PROC. ANN. Art. 46C.261 (Vernon Supp.2006)). Under former article 46.03 section 4(d)(5), recommitment hearings for persons found not guilty by reason of insanity must be "conducted pursuant to the provisions of the Mental Health Code." *Id.* Relative to the procedural requirements for conducting recommitment hearings, former article 46.03 refers only to the "Mental Health Code." *Id.* The statute does not specify which sections or subsections are applicable to a recommitment hearing.

The State contends the trial court's application of the Mental Health Code is

ton [14th Dist.] 2001), *aff'd* 85 S.W.3d 176 (Tex.2002). Furthermore, while appellant is receiving the outpatient services, the committing court will continue to have jurisdiction over appellant. Act of May 25, 1983, 68th Leg., R.S., ch. 454, 1983 Tex. Gen. Laws 2640, 2646 (repealed 2005) (current version at TEX.CODE CRIM. PROC. ANN. Art. 46C.261 (Vernon Supp.2006)). If appellant fails to comply

with his required "regime or if [appellant's] condition so deteriorate[s] that out-patient care is no longer appropriate" the director of the outpatient facility shall notify the committing court and appellant will be brought to the committing court to determine by hearing whether appellant should be remanded to an inpatient program. *Id.*

limited by section 574.066, which provides, in part, that a "court may not renew an order unless the court finds that the patient meets the criteria for extended mental health services prescribed by sections 574.035(a)(1), (2), and (3)." TEX. HEALTH & SAFETY CODE ANN. § 574.066 (Vernon 2006). Consequently, the State further contends section 574.035, subsection (g) does not apply to a recommitment hearing conducted pursuant to former article 46.03. Under subsection (g), the trial "court may not make its findings solely from certificates of medical examination for mental illness but shall hear testimony." TEX. HEALTH & SAFETY CODE ANN. § 574.035(g) (Vernon 2003).

We disagree with the State's proposed construction of the Mental Health Code. The subsections that follow 574.035(a) complement and augment the trial court's duties when determining whether a patient meets the criteria outlined in 574.035(a). If the trial court determines that a patient meets the criteria under subsection 574.035(a), then it must specify the criterion or criteria in subsection 574.035(a)(2) that form the basis for that decision. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.035(c) (Vernon 2003). To be "clear and convincing" under subsection 574.035(a), the evidence also must include expert testimony and evidence of a recent overt act or a continuing pattern of behavior that tends to confirm (1) the likelihood of serious harm to the proposed patient or others, or (2) proposed patient's distress and the deterioration of his ability to function. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.035(e) (Vernon 2003). The trial court may not recommit a patient unless appropriate findings are made and supported by testimony taken at the hearing.

TEX. HEALTH & SAFETY CODE ANN. § 574.035(g). The testimony must include competent medical or psychiatric testimony. *Id.*

The Texas Supreme Court has appropriately distinguished statutory requirements for commitment proceedings and court-ordered mental health services from recommitment proceedings conducted pursuant to former article 46.03 section 4(d)(5) of the Texas Code of Criminal Procedure. In *Campbell v. State,* the court addressed whether sections 574.009 and 574.011 (the requirement that two medical certificates be on file before a commitment hearing),[2] apply to recommitment hearings conducted pursuant to former article 46.03. 85 S.W.3d at 180. The court focused on language in former article 46.03 which prescribes that the hearing be "conducted pursuant to the provisions of the Mental Health Code." *Id.* (citation omitted). The court concluded that a hearing authorized under the former article 46.03 section 4(d)(5) "must comply with those Mental Health provisions pertinent to *conducting* commitment hearings." *Id.* at 183 (emphasis in original). Consequently, the court held that medical certificates described in sections 574.009 and 574.011 are not required to be on file prior to a hearing under the former article 46.03 section 4(d)(5) because they were not pertinent to conducting the commitment hearing. *Id.* at 183. The court explained that this requirement made sense in the context of civil commitment because proceedings for court-ordered mental health services involve different concerns and apply to a different class of individuals than proceedings pursuant to former article 46.03 section 4(d)(5). *Id.* Former article 46.03 section 4(d)(5) applies to persons acquitted of

---

**2.** *See* TEX. HEALTH & SAFETY CODE ANN. § 574.009 (Vernon 2003); TEX. HEALTH & SAFETY CODE ANN. § 574.011 (Vernon 2003).

a violent crime by reason of insanity who have been previously committed to a state mental hospital, and the proceedings are brought to determine whether those persons should be released from their commitment. *Id.* In contrast, civil commitment proceedings brought under the Mental Health Code apply to individuals who have not been afforded the added protections associated with a proceeding that resulted in acquittal by reason of insanity. *Id.* Therefore, the Texas Supreme Court held that the prerequisite of two medical certificates is not pertinent to conducting the hearing pursuant to former article 46.03 section 4(d)(5). *Id.*

In this case, the State asks us to apply only those parts of section 574.035 that section 574.066 expressly incorporates and completely disregard the procedural and substantive requirements in subsections such as subsection (g). However, following the Texas Supreme Court's *Campbell* decision, this court has recognized that section 574.035 is pertinent to conducting a recommitment hearing pursuant to former article 46.03. *Campbell v. State,* 118 S.W.3d 788, 802 (Tex.App.-Houston [14th Dist.] 2003, no pet.); *see also Evans v. Campbell,* 130 S.W.3d 472, 484 (Tex.App.-Houston [14th Dist.] 2004, pet. dism'd) (stating "article 46.03 section 4(d)(5) incorporates the requirements of section 574.035").

■ We note that in the area of statutory construction, the doctrine of stare decisis has its greatest force. *Tooke v. City of Mexia,* 197 S.W.3d 325, 342 (Tex.2006). Therefore, we will follow our court's precedent that section 574.035 is pertinent to conducting a recommitment hearing. *Evans,* 130 S.W.3d at 484; *Campbell,* 118 S.W.3d at 802. Moreover, under the rules of statutory construction, we must consider the statute as a whole rather than its isolated provisions. *Helena Chem. Co. v.*

*Wilkins,* 47 S.W.3d 486, 493 (Tex.2001) (citing *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985)). We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone. *Id.* (citing *Barr v. Bernhard,* 562 S.W.2d 844, 849 (Tex.1978)). Accordingly, we hold that Mental Health Code section 574.035, subsection (g) is applicable to recommitment hearings under the former article 46.03 of the Code of Criminal Procedure.

## II. CERTIFICATES OF MEDICAL EXAMINATION

■ In his second issue, appellant contends the trial court's order for recommitment violates section 574.035(g), which requires the trial court's findings to be based on evidence other than certificates of medical examination for mental illness. We agree.

Section 574.035(g) provides, in part, that the trial court may not make its findings solely from certificates of medical examination for mental illness but shall hear testimony. TEX. HEALTH & SAFETY CODE ANN. § 574.035(g). The reporter's record from the State's case-in-chief at the recommitment hearing is less than one page. The State offered no oral testimony. The State offered only one exhibit which it described as follows:

I offer State's Exhibit No.1 which is the Physician's Certificate for mental examination and mental illness signed by David R. Baker, M.D.

Furthermore, in the reporter's record of the recommitment hearing, the court reporter certified that the trial court admitted into evidence an attached four-page State's Exhibit No.1, "which comprises all of the medical evidence in said [h]earing." Therefore, the only evidence the State introduced was a single, four-page certificate of medical examination for mental illness.

The form for such a certificate is set forth by statute, which provides that the certificate "must include the detailed reason for each of the examining physician's opinions under [section 574.011]." *See* TEX. HEALTH & SAFETY CODE ANN. § 574.035(e). To fulfill these statutory requirements, Dr. Baker states in the certificate that the factual basis for his opinions is "set forth in detail in the attached Exhibit 'A' which is incorporated herein by reference as if fully set out verbatim herein." The attached affidavit is labeled Exhibit A, and it comprises two pages of the State's four-paged Exhibit No.1. Therefore, the incorporated document was part of the medical certificate. It is not a distinct document and has no independent significance. Although the State's Exhibit No.1 contains two notarized signatures of Dr. Baker, these dual signatures do not transform this single exhibit into two separate documents. Furthermore, the State, the trial court, and the court reporter all treated these four pages as a single document and a single exhibit. The record and the unambiguous language of the State's sole exhibit show that the only evidence the State offered at the recommitment hearing was one four-page certificate of medical examination for mental illness.

The Legislature specifically prohibited the trial court from basing its findings solely on certificates of medical examination for mental illness. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.035(g). Yet, the only evidence in the record is a single certificate of medical examination for mental illness. The court did not hear any expert testimony. Therefore, the evidence is legally insufficient to support the trial court's order. *See Whitaker v. State*, Nos. 01–03–00576–CV, 01–03–00577–CV, 2003 WL 22413511, at \*2 n. 1 (Tex.App.-Houston [1st Dist.] Oct. 23, 2003, no pet.) (mem. op.) (stating, as to a second commitment order for a defendant who had been found incompetent to stand trial for assault, trial court could not make its findings under applicable section 574.035 based solely on certificates of medical examination for mental illness). We sustain appellant's second issue.

Accordingly, we reverse the trial court's order renewing its prior order for inpatient extended mental health services and render an order denying the application for renewal of the prior order for extended mental health services.