**Reversed and Rendered and Memorandum Opinion filed September 24, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00730-CV

---

**ROBERT  LOUIS  MARTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 877816**

---

# M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from the trial court's order extending appellant's commitment for inpatient mental health services for one year. Under this court's precedent, Health and Safety Code section 574.035(g) applied to the trial court's hearing on this issue and, therefore, to affirm the trial court's order,

medical or psychiatric testimony must have been taken at the hearing. Because no such testimony was taken at the hearing, we reverse the trial court's order and render an order denying the request for renewal of the prior order for extended inpatient mental health services.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Appellant Robert Louis Martin was charged by indictment with aggravated assault after he stabbed a cab driver multiple times with a knife. Following a bench trial, in March 2002, the trial court found Martin not guilty by reason of insanity. Martin was committed to the maximum security unit at North Texas State Hospital. *Martin v. State*, 222 S.W.3d 532, 533 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The trial court extended Martin's commitment for inpatient mental health services various times. *See id*. In April 2006, the trial court released Martin from inpatient care and ordered Martin to participate in outpatient mental health services. In March 2007, this court reversed the trial court's June 2005 order extending Martin's commitment for inpatient mental health services, concluding that subsection (g) of Health and Safety Code section 574.035 applied to the recommitment hearing and that the evidence was legally insufficient to support the trial court's order because no medical or psychiatric testimony was taken at the hearing, as required by that statute. *See id*. at 536–37.

In October 2007, the trial court signed an order revoking Martin's outpatient supervision and ordered Martin committed to the maximum security unit at North Texas State Hospital for inpatient mental health services. The trial court extended Martin's commitment for inpatient mental health services various times through September 5, 2014. In June 2014, the state hospital in which Martin was committed recommended to the trial court that Martin be released from inpatient

2

care and ordered to participate in outpatient mental health services. The State requested that Martin's commitment for inpatient mental health services be renewed for another year.

On September 5, 2014, the trial court held a hearing as to whether it should extend Martin's commitment for inpatient mental health services. After hearing testimony and admitting documentary evidence, the trial court signed an order extending Martin's commitment for inpatient mental health services for another year (the "Order").

## II.    ISSUE AND ANALYSIS

In his sole appellate issue challenging the Order, Martin asserts that the evidence at the hearing is legally insufficient to support the trial court's action in extending his commitment for inpatient mental health services.[1] Even though the commitment proceedings in this case resulted from a criminal prosecution, these commitment proceedings are civil in nature. *Campbell v. State*, 85 S.W.3d 176, 180 (Tex. 2002).

The court conducted the hearing that resulted in the Order under former article 46.03, section 4(d)(5) of the Texas Code of Criminal Procedure. *See* Act of May 25, 1983, 68th Leg., R.S., ch. 454, § 3, sec. 4(d)(5), 1983 Tex. Gen. Laws 2640, 2640–46 (repealed 2005) (current version at Tex. Code Crim. Proc. Ann. art. 46C.261 (West 2006)). Under the unambiguous language of this statute, the trial court must conduct such hearings "pursuant to the provisions of the Mental Health Code . . . ." *Id.*; *Campbell*, 85 S.W.3d at 181 (holding that article 46.03, section 4(d)(5) hearing was required to be conducted pursuant to the Texas Mental Health

---

[1] More than twelve months have passed since the trial court signed the Order, and the Order has expired. Nonetheless, under the collateral-consequences exception, this appeal is not moot. *See Martin*, 222 S.W.3d at 533, n.1.

Code). The Supreme Court of Texas already has decided that not all provisions of the Mental Health Code apply to such a hearing; only those Mental Health Code provisions pertinent to such a proceeding apply. *See Campbell*, 85 S.W.3d at 181–82. This court already has determined that subsections (a), (e), and (g) of section 574.035 of the Health and Safety Code are pertinent and applicable to such a hearing. *See* Tex. Health & Safety Code § 574.035(a),(e),(g) (West Supp. 2014); *Campbell v. State*, 125 S.W.3d 1, 5–10 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (applying subsections (a) and (e) of section 574.035 of the Health and Safety Code to a recommitment hearings under former article 46.03, section 4(d)(5)); *Martin*, 222 S.W.3d at 534–36 (holding that subsection (g) of section 574.035 of the Health and Safety Code applies to recommitment hearings under former article 46.03, section 4(d)(5)). When the trial court conducted the hearing and signed the Order, these subsections provided in pertinent part as follows:

> (a) The judge may order a proposed patient to receive court-ordered extended inpatient mental health services only if the jury, or the judge if the right to a jury is waived, finds, from clear and convincing evidence, that:
>
>> (1) the proposed patient is mentally ill;
>>
>> (2) as a result of that mental illness the proposed patient:
>>
>> (A) is likely to cause serious harm to himself;
>>
>> (B) is likely to cause serious harm to others; or
>>
>> (C) is:
>>
>>> (i) suffering severe and abnormal mental, emotional, or physical distress;
>>>
>>> (ii) experiencing substantial mental or physical deterioration of the proposed patient's ability to function independently, which is exhibited by the proposed patient's inability, except for reasons of indigence, to provide for the proposed patient's basic needs, including food, clothing, health, or safety; and
>>>
>>> (iii) unable to make a rational and informed decision as to

whether or not to submit to treatment;

> (3) the proposed patient's condition is expected to continue for more than 90 days;

> . . .

> (e) To be clear and convincing under Subsection (a), the evidence must include expert testimony and evidence of a recent overt act or a continuing pattern of behavior that tends to confirm:

> > (1) the likelihood of serious harm to the proposed patient or others; or

> > (2) the proposed patient's distress and the deterioration of the proposed patient's ability to function.

> . . .

> (g) The court may not make its findings solely from the certificates of medical examination for mental illness but shall hear testimony. The court may not enter an order for extended mental health services unless appropriate findings are made and are supported by testimony taken at the hearing. The testimony must include competent medical or psychiatric testimony.

Tex. Health & Safety Code § 574.035(a),(e),(g) (West Supp. 2014).

Under subsection (g), the trial court could not recommit Martin absent appropriate findings supported by testimony taken at the hearing. *Id.*; *Martin*, 222 S.W.3d at 535. The testimony must include competent medical or psychiatric testimony. Tex. Health & Safety Code § 574.035(g); *Martin*, 222 S.W.3d at 535. The record reflects that, at the hearing, the trial court did not hear any "competent medical or psychiatric testimony." Therefore, under this court's binding precedent in *Martin*, the evidence is legally insufficient to support the trial court's order. *See Martin*, 222 S.W.3d at 537.

The State agrees that (1) in the prior *Martin* case, this court held that subsection (g) of section 574.035 applies to recommitment hearings like the one at issue in today's case; (2) subsection (g) of section 574.035 requires the trial court

to hear "competent medical or psychiatric testimony" before it can sign an order for extended mental health services; and (3) the trial court did not hear any "competent medical or psychiatric testimony" at the hearing on September 5, 2014. Instead, the State argues that this court's prior precedent holding that subsections (e) and (g) apply is erroneous and should be reconsidered. *See Campbell*, 125 S.W.3d at 5–10; *Martin*, 222 S.W.3d at 534–36.

The parties have not cited and research has not revealed (1) a decision from the Supreme Court of Texas or this court sitting en banc which is on point and contrary to these prior panel opinions, or (2) a material change in the relevant statutes since these prior cases were decided. Therefore, we are bound by these prior panel opinions. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc) (noting that under principles of horizontal stare decisis, a panel of this court is bound by a prior holding of another panel of this court absent a decision from a higher court or this court sitting en banc which is on point and contrary to the prior panel holding or an intervening and material change in the statutory law). If the State would like this court to reconsider these prior precedents, the proper course would be to seek en banc consideration. *See id*.

Under this court's precedent in *Martin*, the appropriate appellate disposition is to reverse the Order and render an order denying the State's request for renewal of the prior order for inpatient mental health services. *See Martin*, 222 S.W.3d at 537.

## III. CONCLUSION

Under this court's binding precedent, subsections (e) and (g) of section 574.035 apply to recommitment hearings like the one at issue in this case, and the

6

trial court was required to hear "competent medical or psychiatric testimony" before it could sign a recommitment order. Because the trial court did not hear any such testimony at the hearing on September 5, 2014, this court must conclude that the evidence is legally insufficient to support the Order. Accordingly, we sustain Martin's sole issue, reverse the Order, and render an order denying the State's request for renewal of the prior order for inpatient mental health services. *See Martin*, 222 S.W.3d at 537.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.