**Motion Granted in Part; Dismissed and Memorandum Opinion filed August 23, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00121-CV

---

### AGBOLADE O. ODUTAYO, Appellant

### V.

### JASPER EMERGENCY MEDICINE ASSOCIATES, PA AND THE SCHUMACHER GROUP OF TEXAS INC., Appellees

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2011-01829**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a partial summary judgment signed August 1, 2011, and made final by a summary judgment signed January 5, 2012. Appellant filed a notice of appeal on February 3, 2012. The clerk's record was filed February 22, 2012, and a supplemental clerk's record was filed March 2, 2012. The reporter's record from the hearing on appellant's motion for new trial was filed March 27, 2012. On April 20, 2012, appellant filed motions to substitute counsel and for extension of time to file appellant's

brief for thirty days. The motions were granted. On May 21, 2012, appellant filed a second motion for extension of time to file appellant's brief until June 25, 2012, which the court granted. To date, appellant has not filed a brief or a motion for a further extension of time.

On July 25, 2012, appellees filed a motion to dismiss this appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b). Alternatively, appellees filed a brief and requested that we affirm the trial court's judgment, applying the presumption that appellees' brief correctly presents the case. *See* Tex. R. App. P. 38.8(a)(3). In both the motion and their brief, appellees requested that we award damages for a frivolous appeal under Texas Rule of Appellate Procedure 45. No response has been filed. *See* Tex. R. App. P. 10.3(a).

When an appellant fails to timely file a brief, the appellate court may dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b). While appellees chose to file a brief in this appeal, they were not required to do so. *See* Tex. R. App. P. 38.6(b) (permitting, but not requiring, an appellee to file a brief when appellant has not filed a brief).

Under the plain meaning of Rule 45, this court may award just damages if, after considering the record and any briefs, this court makes an objective determination that the appeal is frivolous. *See* Tex. R. App. P. 45; *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). Whether to grant sanctions is a matter of discretion, which we exercise with prudence and caution, and only after careful deliberation. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 282 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *City of Houston v. Precast Structures, Inc.,* 60 S.W.3d 331, 340 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

Appellees ask this court to find that appellant "prosecuted this appeal without observing the minimal procedural requirements." Our record shows that appellant filed a

timely motion for new trial, the trial court conducted a hearing on the motion, appellant filed a timely notice of appeal and docketing statement, and appellant requested and paid for the clerk's record, which was filed before its due date. In addition, appellant requested and paid for the reporter's record from the hearing on appellant's motion for new trial. We do not find the circumstances in this case to be egregious. After considering appellees' motion and brief, together with our record, we decline to award damages under Rule 45 and deny that portion of appellees' motion.

We grant appellees' motion to dismiss the appeal for want of prosecution and order the appeal dismissed. *See* Tex. R. App. P. 42.3(b).

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

3