**Motion to Dismiss Granted; Request for Damages Under Rule 45 Denied; Appeal Dismissed and Memorandum Opinion filed October 17, 2013**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-01032-CV

## REGINALD PETTEWAY, Appellant

## V.

## MORLOCK LLC, Appellee

**On Appeal from the Co Civil Ct at Law No 4**
**Harris County, Texas**
**Trial Court Cause No. 1014875**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment signed November 5, 2012. The clerk's record was filed April 29, 2013. The reporter's record was filed May 9, 2013. No brief was filed.

On August 8, 2013, this court issued an order stating that unless appellant submitted a brief, together with a motion reasonably explaining why the brief was

late, on or before September 9, 2013, the court would dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b). On August 13, 2013, appellee filed a motion to dismiss. On September 9, 2013, appellant filed another motion for extension of time; no brief was filed. On October 4, 2013, appellee filed another motion to dismiss.

Appellee's motions to dismiss the appeal for want of prosecution are GRANTED. The appeal is ordered dismissed. Appellant's motion for extension of time is denied as moot.

Appellee also seeks damages for a frivolous appeal, or alternatively, asks this court to increase the supersedeas bond. Appellee seeks $57,500 for damages based upon a rental value of at least $2,500 a month for twenty-three (23) months. According to appellee, the value of the property is $104,000. Bond was set at $1,000. This is appellee's first request to raise the bond.

Because we are dismissing the appeal, there is no need to increase the supersdeas bond. Appellee's motion to increased the supersedeas bond is denied.

Recovery of damages under Rule 45 is authorized if, after considering everything in its file, this court makes an objective determination that an appeal is frivolous. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). *See* Tex. R. App. P. 45. To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed. *Glassman*, 347 S.W.3d at 782. But, Rule 45 does not mandate that this court award damages in every case in which an appeal is frivolous. *Id.* The decision to award such damages is a matter within this court's discretion, which we exercise with prudence and caution after careful deliberation. *Id.* Although appellee's motion demonstrates the appeal has been delayed through

2

appellant's actions, those delays appear to be due to appellant's lack of financial resources. Appellee's motion does not demonstrate that at the time the appeal was filed there were no reasonable grounds to believe the judgment would be reversed., We conclude that damages under Rule 45 are not warranted in this case. Accordingly, appellee's request for damages under Rule 45 is also denied.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.