**Affirmed and Memorandum Opinion filed August 19, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00633-CV

---

### JACQUELENE LY, Appellant

### V.

### MY NGUYEN, Appellee

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1004142**

---

## MEMORANDUM OPINION

This appeal involves challenges to the factual sufficiency of the evidence supporting two jury findings adverse to the plaintiff as to her breach-of-contract claim and promissory-estoppel claim. Concluding that the evidence is factually sufficient to support the challenged findings, we affirm the trial court's judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In December 2010, appellee/defendant My Nguyen became engaged to Kevin Ly, the brother of appellant/plaintiff Jacquelene Ly. My and Kevin were

married the following month, and within a year of the wedding date they separated. A few months after the separation, Jacquelene filed suit against My seeking to recover $10,000 Jacquelene advanced to help fund Kevin and My's wedding.

In a jury trial, Jacquelene presented various liability theories against My. The jury made two findings adverse to Jacquelene as to her breach-of-contract claim and promissory-estoppel claim. Jacquelene timely filed a motion for new trial in which she challenged the factual sufficiency of the evidence supporting these two findings. The trial court denied this motion for new trial. On appeal, Jacquelene challenges the factual sufficiency of the evidence to support the two jury findings.

## II.   STANDARD OF REVIEW

When reviewing a challenge to the factual sufficiency of the evidence,[1] we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). We may not substitute our own judgment for that of the trier of fact, even if we would reach a different answer on the evidence. *Maritime Overseas Corp.*, 971 S.W.2d at 407. The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Pascouet*, 61 S.W.3d at 616.

---

[1] Jacquelene has not challenged the legal sufficiency of the evidence.

## III. ANALYSIS

### A. Factual Sufficiency of Evidence Supporting "No Agreement" Finding

In response to question one, the jury found that Jacquelene and My did not "enter into an agreement[] wherein [Jacquelene] would loan [My] the sum of $10,000." Jacquelene argues that the evidence is factually insufficient to support the jury's finding. At the charge conference, no party objected to this instruction; therefore, we measure the sufficiency of the evidence using this instruction, even if it does not correctly state the law. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000).

Jacquelene and My agree that a few days after My and Kevin became engaged, Jacquelene provided $10,000 that ultimately was spent on My and Kevin's wedding. Jacquelene testified that she loaned the money to My; My testified that Jacquelene loaned the money to Kevin. Before My and Kevin separated, My paid Jacquelene $3,000 as partial repayment of the debt. Shortly after My and Kevin separated, Jacquelene issued My a check for $3,000. Jacquelene testified that she wrote My the check because My had requested to borrow another $3,000. My stated that Jacquelene issued her the check to reimburse her for paying $3,000 of Kevin's debt. Jacquelene admitted that she also had filed suit against Kevin, but she explained that she did so even though he is not responsible because her attorney believed he is partially responsible.

Jacquelene offered into evidence emails and text messages exchanged among My, Kevin, and Jacquelene. In the text messages, Jacquelene asks My to repay the debt My owes, and My consistently responds by informing Jacquelene that she is trying to reach Kevin regarding the debt and that Kevin will be repaying the debt. The emails submitted into evidence include an email from Kevin, in which he asks Jacquelene to stop the court proceedings and informs her that he will

3

repay the money "we" owe.  Jacquelene responds to Kevin by clarifying that she is not filing suit against him but, that, as far as she is concerned, My is the debtor. She also notes in an email that she is considering sending My's debt to collections, an act that, according to Jacquelene's email, would ruin My's credit rating and make it impossible for My to rent an apartment, which Jacquelene stated would make her happy.

My testified that the Vietnamese tradition is for the husband to pay for the wedding.  She stated that she contributed approximately $20,000 for the wedding and Kevin contributed $10,000, which he borrowed from Jacquelene.  My said that Kevin promised to repay both My and Jacquelene.  My testified that she never borrowed money from Jacquelene and she repaid $3,000 of Kevin's debt before the separation because Kevin asked her to do so.

Jacquelene asserts that the evidence is factually insufficient for a jury to find that she and My did not have an agreement because (1) My's testimony that she did not borrow $10,000 from Jacquelene conflicted with a text message My sent stating that Kevin asked her to get the money and he would pay Jacquelene back, (2) Kevin used the term "we" in his email, and (3) My's conduct in paying $3,000, as a partial repayment of the loan, is an admission she owes Jacquelene the money. Though some evidence at trial supported a finding of an agreement between Jacquelene and My under which Jacquelene loaned My $10,000, a finding that there was no such agreement is not against the overwhelming weight of the evidence.  Viewing My's text message in the context of her testimony, the jury could have determined that Jacquelene loaned $10,000 to Kevin and Kevin either gave the money to My, or asked My to take possession of the money he borrowed from Jacquelene to help fund the wedding.  The jury could have credited My's testimony that she repaid Jacquelene because Kevin asked her to do so, not

4

because she owed Jacquelene the money and that Jacquelene reimbursed My the amount My paid on the debt when My and Kevin separated because Jacquelene knew Kevin alone owed her $10,000. In the context of the testimony regarding the purpose of the $10,000, Kevin used the term "we," but his use of this term does not fully support either party's version of events. This communication, however, does show that Kevin understood he owed Jacquelene money. Likewise, My's communications with Jacquelene show that My did not believe she had agreed to repay Jacquelene $10,000.

It was within the province of the jury, as the sole fact-finder and judge of the witnesses' credibility, to credit My's testimony that she and Jacquelene did not form any agreement. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (jury may choose to believe one witness over another). Under the applicable standard of review, we conclude that the evidence is factually sufficient to support the jury's finding that Jacquelene and My did not enter into the loan agreement as alleged by Jacquelene. *See White Oak Operating Co., LLC v. BLR Const. Companies, LLC*, 362 S.W.3d 725, 732 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Accordingly, we overrule Jacquelene's first issue.

**B. Factual Sufficiency of Evidence Supporting Rejection of Promissory-Estoppel Claim**

In response to question four, "Did Jacquelene Ly substantially rely to her detriment on My Nguyen's promise, if any, and was this reliance foreseeable by My Nguyen?," the jury answered "no." Jacquelene asserts that the evidence is factually insufficient to support the jury's answer. At the charge conference, the only objection to this question was that the question should not be submitted because it was not supported by any evidence; therefore, we measure the sufficiency of the evidence using this question, even if it does not correctly state the law. *See Osterberg*, 12 S.W.3d at 55.

Jacquelene asserts that the parties' emails, text messages, and My's conduct in repaying Jacquelene a portion of the loaned amount show that My promised to pay Jacquelene. As previously explained, the emails and text messages exchanged among the parties are factually sufficient to support a finding that My did not enter into an agreement to borrow $10,000 from Jacquelene. My testified that she did not borrow money from Jacquelene and that Kevin owed Jacquelene $10,000. The jury was entitled to believe My's testimony and disbelieve Jacquelene's testimony. By crediting My's testimony that she told Jacquelene that Kevin would repay the loan, the jury could have determined that My did not make a promise to repay $10,000 or that Jacquelene did not substantially and foreseeably rely on such a promise. *See Golden Eagle Archery, Inc.*, 116 S.W.3d at 761 (Tex. 2003). Under the applicable standard of review, we conclude that the evidence is factually sufficient to support the jury's finding regarding liability for the promissory-estoppel claim. *See White Oak Operating Co., LLC*, 362 S.W.3d at 732. Accordingly, we overrule Jacquelene's second issue.

### C. Briefing Waiver

In her third issue, Jacquelene asserts that My made misrepresentations to Jacquelene and that Jacquelene should have recovered against My based on these misrepresentations as an alternative to the breach-of-contract claim, such that the trial court's judgment is unsupported and against the great weight of the evidence. But, the argument section of Jacquelene's appellate brief does not address this issue at all. Jacquelene's brief does not include any section containing (or purporting to contain) a discussion of her third issue. She does not anywhere else in her brief cite to any part of the record relating to a claim of misrepresentation or make any specific argument relating to that issue. In fact, nowhere else in Jacquelene's brief does she use the word "misrepresentation" or discuss any

alleged misrepresentations.[2] As to her third issue, Jacquelene has not provided any argument, analysis, or citations to the record or legal authority. Even construing Jacquelene's brief liberally, we cannot conclude he has briefed the third issue adequately. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Because that issue is inadequately briefed, we overrule it. *See id.*

## D. Attorney's Fees under Texas Rule of Appellate Procedure 45

My's appellate brief, construed liberally, contains a request for attorney's fees under Texas Rule of Appellate Procedure 45, entitled "Damages for Frivolous Appeals in Civil Cases," based on an allegation that Jacquelene's appeal is frivolous. *See* Tex. R. App. P. 45. This court may award just damages under Rule 45 if, after considering everything in its file, this court makes an objective determination that the appeal is frivolous. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). To determine whether an appeal is objectively frivolous, the court reviews the record from the viewpoint of an advocate and decides whether the advocate had reasonable grounds to believe the case could be reversed. *Id.* But, Rule 45 does not mandate that this court award just damages in every case in which an appeal is frivolous. *Id.* The decision to award such damages is a matter within the court's discretion, which this court exercises with prudence and caution after careful deliberation. *Id.* We conclude that damages under Rule 45 are not warranted in this case. Accordingly, we deny My's request for attorney's fees under Rule 45.

## IV.   CONCLUSION

The evidence is factually sufficient to support the jury's findings regarding

---

[2] No fraud or misrepresentation claims were submitted to the jury.

Jaquelene's breach-of-contract claim and promissory-estoppel claim. Jacqueline waived her third issue by failing to brief the issue adequately. Finally, damages under Rule 45 against Jacquelene are not warranted. Accordingly, the judgment of the trial court is affirmed, and My's request for damages under Rule 45 is denied.


                        /s/ Kem Thompson Frost
                        Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.