**Motion Granted in Part and Denied in Part; Appeal Dismissed and Memorandum Opinion filed October 2, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00673-CV

### MARY L. JAMES, Appellant

### V.

### HOUSTON HOUSING AUTHORITY, Appellee

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1043672**

## M E M O R A N D U M   O P I N I O N

On August 19, 2014, appellant filed a notice of appeal from a judgment signed March 10, 2014. Appellee filed a motion to dismiss the appeal. *See* Tex. R. App. P. 42.3. One of appellee's grounds for dismissal is that appellant's notice of appeal, filed more than five months after the judgment was signed, is untimely.[1] Appellee asserts that appellant did not file a post-judgment motion to extend the

---

[1] Appellee has also alleged the appeal is moot, based in part on our disposition of a related appeal. *See James v. Houston Hous. Auth.*, 14-13-00312-CV, 2014 WL 3555755 (Tex. App.—Houston [14th Dist.] July 17, 2014, no. pet.) (mem. op.). Because we agree the notice of appeal is untimely, we need not address mootness.

appellate timetable, and therefore, her notice of appeal was due thirty days after the trial court's judgment was signed. *See* Tex. R. App. P. 26.1. Our limited record does not reflect that a post-judgment motion was filed. Even if a post-judgment motion was filed, however, appellant's notice of appeal is untimely. *See* Tex. R. App. P. 26.1(a) (stating the notice of appeal must be filed within ninety days after the judgment is signed when no timely post-judgment motion or request for findings of fact and conclusions of law has been filed).

In addition, the six-month period to file a notice of a restricted appeal does not apply in this case. *See* Tex. R. App. P. 26.1(c). To be entitled to bring a restricted appeal, the appealing party must not have participated in the hearing resulting in the judgment. *See* Tex. R. App. P. 30. The judgment in this case recites that appellant appeared at trial. Therefore, we conclude that appellant's notice of appeal is untimely.

In its motion to dismiss, appellee asks this court to award it appellate attorney's fees. Texas Rule of Appellate Procedure 45 addresses the award of damages for filing a frivolous appeal. *See* Tex. R. App. P. 45. We may award just damages under Rule 45 if, after considering everything in its file, this court makes an objective determination that the appeal is frivolous. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). To determine whether an appeal is objectively frivolous, this court reviews the record from the viewpoint of the advocate and decides whether the advocate had reasonable grounds to believe the case could be reversed. *Id*. Rule 45 does not mandate that this court award damages in every case in which an appeal is frivolous, however. *Id.* The decision to award such damages is a matter within this court's discretion, which this court exercises with prudence and caution after careful deliberation. *Id*. We conclude that damages under Rule 45 are not warranted in this case. Accordingly, we deny the portion of appellee's motion

requesting an award of appellate attorney's fees.

A timely filed notice of appeal is required to invoke an appellate court's jurisdiction. Tex. R. App. P. 25.1(b). Because appellant's notice of appeal is untimely, we lack jurisdiction over this appeal. We grant the part of appellee's motion seeking dismissal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices McCally, Busby, and Donovan.