

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:     Leslie Wm. Adams & Associates v. AMOCO Federal Credit Union

Appellate case number:     01-15-00879-CV

Trial court case number:     1026220-801

Trial court:     County Civil Court at Law No. 4 of Harris County

This is an appeal from an order for disbursement of garnished funds and release in a garnishment suit. A garnishment proceeding necessarily involves *three* parties: a creditor, a debtor, and a third person who has some obligation to the debtor. *Orange County v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991). "Garnishment is a creditor's action against his debtor's debtor to obtain payment of what is owed the creditor." *Id.*

In a postjudgment garnishment proceeding, the defendant (i.e., the judgment debtor) is entitled to service of the writ. TEX. R. CIV. P. 663a. The defendant is authorized to file a motion to increase the amount of the garnishment bond. TEX. R. CIV. P. 658a. The defendant has a right to regain possession of the property by filing a replevy bond. TEX. R. CIV. P. 663a, 664. The defendant whose property or account has been garnished may by sworn written motion seek to vacate, dissolve, or modify the writ of garnishment, and the order directing its issuance, for any grounds or cause or cause, extrinsic or intrinsic. TEX. R. CIV. P. 664a. In some circumstances, costs of the garnishment proceeding may be taxed against the defendant. TEX. R. CIV. P. 677. The defendant may appeal from a final garnishment order. *See, e.g.*, *Glassman v. Goodfriend*, 347 S.W.3d 772, 775 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

Appellant's certificate of service for its notice of appeal indicates a copy was sent to the judgment debtor, Terence Martinez. However, despite being a party to the garnishment proceeding with a personal interest in its outcome, Martinez has not received notice of all proceedings in this appeal consistent with his status as a party. Appellant's docketing statement did not identify Martinez as an appellee. *See* TEX. R. APP. P. 3.1(c), 32.1(e).

The substance of appellant's brief reveals that Martinez, as judgment debtor, has an interest in the appeal. Nevertheless, the certificate of service indicates that appellant served its brief on the garnishee as appellee to this appeal, but not on Martinez.

In an apparent reflection of its interest in the outcome of this appeal, the garnishee has not filed an appellee's brief. Meanwhile, Martinez, whose assets are at issue, has received

incomplete notice of the proceedings and no opportunity to contest appellant's arguments on appeal.

Accordingly, the court orders:

1. The docketing statement filed April 7, 2016 is struck. Within 7 days of this order, appellant shall file a new docketing statement including Martinez as an appellee. *See Ware*, 819 at 474; TEX. R. APP. P. 3.1(c), 32.1(e).

2. The clerk of this court shall provide Martinez with a complete copy of the appellate record.

3. The clerk of this court also shall provide Martinez with a copy of the Pro Bono Program Pamphlet, along with a notification that if Martinez intends to request screening, he must so notify the clerk within 14 days of receiving the pamphlet.

4. A new schedule for the filing of appellees' briefs will be entered after Martinez has had an opportunity to retain counsel.

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
　　　　　　　　⊠ Acting individually　　☐ Acting for the Court


Date:  March 9, 2017