

# NUMBER 13-16-00436-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE GUADALUPE HINOJOSA AND
SANDRA SALINAS HINOJOSA,                                    Appellants,

v.

DANIEL SANDOVAL AND
ABIGAIL SANDOVAL,                                           Appellees.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

By five issues, appellants Jose and Sandra Hinojosa appeal from a no-evidence summary judgment in favor of appellees Daniel and Abigail Sandoval. Appellees respond that appellants' appeal is frivolous and ask this Court to issue sanctions. We find it to be a frivolous appeal and affirm.

## I. BACKGROUND

In 1988, appellants and appellees entered into a contract to purchase real estate. Appellees agreed to pay appellants $64,000 to purchase a home, with $56,000 to be owner-financed by appellants over thirty years. The calculated mortgage payment did not include property taxes.

In November 2011, the appellants filed suit alleging "the Plaintiff's have fully paid for the property and all conditions precedent to the Plaintiff's performance of the contract have been completed and Defendants refuses to convey the land to Plaintiff's as promised." The appellants requested a declaratory judgment to "establish rights under the contract."

Appellees filed an answer and special exception stating that under the contract, appellants were required to make mortgage payments through August 2018, but appellants had made no payments since 2003. Appellees also protested that the appellants did not plead any elements necessary to support their causes of action for breach of contract or declaratory relief. The appellees also filed a counter-petition and later a motion for a no-evidence summary judgment. Following a short hearing, the trial court granted appellees' motion for summary judgment. This appeal followed.

## II. APPEAL IS FRIVOLOUS

By what they present as five issues, appellants ask the following: 1) why did the appellees not fix mold damage in the home; 2) why did the appellees not pay property taxes on the rental property that appellants were renting from them; 3) why were the appellants led to believe that $61,000 given by the insurance company for mold would be credited to mortgage payments; 4) why did one of the appellants have to die based on

living conditions in the home; and 5) there was a breach of contract when the appellees failed to fix the mold by law.

### A.    Applicable Law and Discussion

The issues raised by appellants on appeal have no relation to their motion for declaratory judgment filed in the trial court.   In the trial court, appellants attached the following exhibit to their petition:  an earnest money contract relating to the sale of a home at 1605 John Avenue in Edinburg, Texas between appellants and appellees.   According to the contract, appellants were identified as the buyers and were responsible for the monthly mortgage payments in the amount of $491.45 for a term of thirty years.   The earnest money contract also contained a provision that stated the "Deed of Trust to be executed by Buyer shall provide for the payment of Buyer of taxes and insurance premiums on the property."

Although the appellants' petition referenced an insurance check for mold damage, evidence relating to the importance of the document was not presented before the trial court.   The reporter's record submitted to this Court was from a hearing titled "Motion for Summary Judgment Proceedings" and was a total of five pages of transcript testimony. The trial court's order granting the motion for no-evidence summary judgment stated:

> The Court finds that the Plaintiffs and Defendants entered into a written contract for the sale of property on August 1988.  Pursuant to the written terms of the contact [sic], Defendants agreed to owner-finance the home for a 30-year term.  Plaintiffs were to remit monthly mortgage payments in the amount of $491.44 beginning September 1988 for 30 years.  Plaintiffs own affidavit states that they stopped paying in January 2003.  Hence, Plaintiffs breached the terms of the written agreement and are in default in the sum of $46,685.06.  Furthermore, Plaintiffs stopped paying the property taxes also in January 2003.  The taxing bodies have filed suit to foreclose on the property.

Now for the first time on appeal, appellants allege the trial court erred in granting summary judgment against them because they were tenants of the property. The record before this Court must show that the "complaint was made to the trial court by a timely request, objection, or motion" and was ruled on by the trial court in order to preserve an issue for appellate review. TEX. R. APP. P. 33.1. Therefore, we conclude that no issues raised on appeal were presented before the trial court, and we further find this appeal to be frivolous. We overrule appellants' issues.[1]

### III.     CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
28th day of June, 2018.

---

[1] Appellees had requested this Court issue sanctions against appellants for a frivolous appeal. *See* TEX. R. APP. P. 45. We exercise discretion in imposing sanctions and therefore, we deny appellees' motion for sanctions against appellants. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc).