**AFFIRMED; Opinion Filed December 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01423-CV

**PERFORMANCE PULSATION CONTROL, INC. AND
STATUS FLOW, INC., Appellants
V.
SIGMA DRILLING TECHNOLOGIES, LLC AND
JUSTIN MANLEY, Appellees**

**On Appeal from the 416th Judicial District Court
Collin County, Texas
Trial Court Cause No. 416-05487-2016**

# MEMORANDUM OPINION

Before Justices Evans, Boatright, and O'Neill[1]
Opinion by Justice Evans

Performance Pulsation Control Inc., and Status Flow, Inc. (collectively PPC) appeal the trial court's adverse rulings on their motion for sanctions and request for attorney's fees after the trial court signed an order dismissing Sigma Drilling Technologies, LLC and Justin Manley's trade secret lawsuit for want of prosecution. In two issues, appellants generally argue the trial court abused its discretion in not awarding sanctions and attorney's fees in their favor. For the reasons set forth below, we affirm.

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

## BACKGROUND

PPC is a provider of pump and pressure monitoring equipment for the gas and oil industry. Manley was employed by PPC from 2012 to 2016 primarily as their director of sales and marketing. Manley developed a gas-charge-free conversion kit (CFC kit) to be used with monitoring systems manufactured by PPC and others. He then created Sigma to develop and manufacture the CFC kits. In June 2016, PPC filed a rule 202 lawsuit seeking to take the depositions of their former employee, Manley, and Sigma.[2] Later in 2016, while the rule 202 lawsuit was pending, Sigma filed a lawsuit seeking a temporary restraining order and temporary injunction against PPC alleging PPC had contacted a distributor of Sigma's CFC kits to obtain information about the product in their attempt to reverse engineer a similar product to compete with Sigma. The trial court denied Sigma's TRO application after a hearing.

In March 2017, PPC filed a plea to the jurisdiction in Sigma's lawsuit asserting that based on Manley's deposition in the rule 202 lawsuit, Manley allegedly owned the trade secrets on which Sigma's various causes of action are based. After filing an amended petition adding Manley as a plaintiff in the case, Sigma filed a notice of nonsuit without prejudice regarding its claims against PPC.[3] The next day, Manley filed a notice of nonsuit without prejudice regarding his claims against PPC. PPC then filed a motion for sanctions and request for attorney's fees pursuant to rule 13 of the Texas Rules of Civil Procedure and section 134A.005 of the Texas Civil Practice and Remedies Code alleging the Sigma/Manley lawsuit was frivolous and filed in bad faith. Appellees filed a response to the motion arguing, among other things, that the merits of the lawsuit were never determined and PPC improperly conflated ownership of the patents for the CFC kits with all trade secrets related to the manufacture of the product. After a hearing, the trial court denied PPC's

---

[2] PPC contends the trade secrets associated with the CFC kits belong to them because they were developed by Manley within his scope of employment while a PPC employee.

[3] The notice of nonsuit was filed the same day as the hearing on PPC's plea to the jurisdiction.

motion. The trial court also denied PPC's motion for reconsideration and signed an order dismissing the case for want of prosecution. This appeal followed.

## ANALYSIS

### A. Sanctions/Attorney's Fees

We review the trial court's ruling on a motion for sanctions for an abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). We employ the same abuse of discretion standard with respect to requests for attorney's fees pursuant to the Texas Uniform Trade Secrets Act. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (abuse of discretion standard when declaratory judgment act provides court "may" award attorney's fees).[4] Specifically, we will reverse the ruling "only if the trial court acted without reference to any guiding rules or principles such that the ruling was arbitrary or unreasonable." *See Low,* 221 S.W.3d at 614. When considering a motion for sanctions, courts presume the pleadings were filed in good faith and it is the burden of the party seeking sanctions to overcome that presumption. *See id.*

To prevail on a motion for sanctions under rule 13, the movant must establish the suit was (1) groundless and (2) brought either in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13. Similarly, attorney's fees may be awarded to a prevailing party in a misappropriation of trade secrets case if the claim is made in bad faith. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134A.005(1) (Supp.). Under rule 13, "groundless" means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. TEX. R. CIV. P. 13. "Bad faith" generally means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose, while "harass" describes actions that tend to annoy, alarm,

---

[4] On appeal, both parties utilize an abuse of discretion standard in analyzing the trial court ruling on PPC's request for attorney's fees under section 134A.005.

and verbally abuse a party. *See D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 203 (Tex. App.—Dallas 2011, no pet.).

PPC's motion was based largely on PPC's contention that Manley admitted in his deposition that he, rather than Sigma, was the inventor and owner of the patent application with respect to the CFC kit.[5] PPC further argues that after Manley was added to the lawsuit as plaintiff and Sigma voluntarily non-suited its claims on the morning of PPC's plea to the jurisdiction, Manley non-suited his own claims less than twenty-four hours later (effectively ending the lawsuit) upon receiving PPC's requests for production. PPC contends these facts prove the lawsuit was filed in bad faith without conducting a reasonable investigation with respect to the factual basis for the lawsuit. Appellees, respond PPC has failed to show the trial court abused its discretion in failing to award PPC sanctions and attorney's fees because PPC's evidence did not overcome the presumption that pleadings were filed in good faith and did not show the claim of misappropriation was made in bad faith. We agree with appellees.[6]

As appellees point out, even if Sigma did not have an interest in the CFC kit patent application, there was evidence Sigma owned the disk molding process for the CFC kit. That evidence, when combined with other evidence that PPC was trying to reverse engineer the product, supported Sigma's lawsuit. Likewise, adding Manley as a named defendant to the suit but non-suiting his claims two days later does not compel the conclusion there was never any merit to Manley's claims. In fact, a plaintiff has an absolute right to nonsuit his case at any time before introducing all his evidence at trial. *See* TEX. R. CIV. P. 162. Based on the record before us, we cannot conclude the trial court abused its discretion in denying PPC's motion for sanctions and attorney's fees. Accordingly, we resolve PPC's first and second issues against it.

---

[5] PPC asserts it discovered this information in Manley's rule 202 deposition.

[6] In reaching our conclusion, we assume without deciding that PPC was the "prevailing party" under section 134A.005. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134A.005.

**B.     Appellees' Motion for Sanctions**

In their brief, appellees have requested we sanction appellants pursuant to rule of appellate procedure 45 for bringing a frivolous appeal "without any reasonable basis for reversal, without appropriate citations to the record, and applicable case authority." Rule 45 permits an award of just damages to the prevailing party of an appeal when the court determines the appeal is frivolous. *See* TEX. R. APP. P. 45.

"An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed." *See Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.). Our decision to grant appellate sanctions is a matter of discretion that we exercise with caution and careful deliberation and only in truly egregious circumstances. *Id.* Moreover, rule 45 does not require that we award damages in every frivolous appeal. *See Dempsey v. ACCC Ins. Co.*, No. 05-16-01502-CV, 2018 WL 2077603, at \*4 (Tex. App.—Dallas May 4, 2018, no pet.) (quoting *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). After reviewing the record, briefing, and other papers filed in this Court, we conclude that this appeal does not present the type of egregious circumstances warranting the imposition of sanctions. Accordingly, we deny appellees' request for damages under rule 45.

## CONCLUSION

Based on the record before us, we affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE

171423F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PERFORMANCE PULSATION
CONTROL, INC. AND STATUS FLOW,
INC., Appellants

No. 05-17-01423-CV     V.

SIGMA DRILLING TECHNOLOGIES,
LLC AND JUSTIN MANLEY, Appellees

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-05487-2016.
Opinion delivered by Justice Evans,
Justices Boatright and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Sigma Drilling Technologies, LLC and Justin Manley recover their costs of this appeal from appellants Performance Pulsation Control, Inc. and Status Flow, Inc.

Judgment entered this 17th day of December, 2018.