**Affirmed and Memorandum Opinion filed July 16, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00686-CV

---

## PAMELA Y. KELLEY, ARTHUR LEE KELLEY, CLARA BROOKS, AND GARY L. LEONARD, Appellants

### V.

## LAVEARN IVEY, Appellee

---

**On Appeal from the 506th Judicial District Court
Waller County, Texas
Trial Court Cause No. 14-07-22640**

---

## M E M O R A N D U M   O P I N I O N

Appellants, Pamela Y. Kelley, Arthur Lee Kelley, Clara Brooks, and Gary L. Leonard, appeal a temporary injunction precluding appellants from executing a judgment against a non-party by selling property which appellee, Lavearn Ivey, claims to own. Ivey raises a cross-point requesting appellate sanctions. We affirm the temporary injunction and deny the request for sanctions.

## I. BACKGROUND

In 2002, Mattie Bell Kelley signed a will devising various property to her ten children. She died that same year, and the will was probated as a muniment of title. Pertinent to this suit are the following bequeathals:

> the house and property at 418 Bostick Lane, defined as A-20 WM Cooper, 0.64 acres, Tract 21, the Kelley homestead, to Arthur Lee Kelley ("Arthur").

> the portion of the tract of property located east of the homestead at 418 Bostick Lane, also known as the garden spot, defined at A-20 WM Cooper 0.99 Acres, Tract 19, to Willie Ray Kelley ("Willie").

> the rest of tract A-20 WM Cooper, 0.99 Acres, Tract 19, the portion north of the homestead tract in equal shares to [five children including LaVearn Ivey ("Ivey") and Gloria Jean Guillory ("Guillory")].[1]

Approximately ten years later, Arthur, as well as Pamela Y. Kelley and Clara Brooks, (all appellants in the present case) obtained a judgment against Willie in another suit.[2] Their attorney, Gary Leonard (also an appellant in the present case), claims an interest in the judgment because appellants intend to assign it to him and it represents their attorney's fees for successfully defending what was originally brought as a suit against them by Willie.

Appellants obtained a writ of execution to have what they characterize as Willie's interest in Tract 19 sold to satisfy the judgment.[3] The property was posted

---

[1] Subsequently, the other children mentioned in this latter bequeathal conveyed their interests to Ivey and Guillory, so those sisters are the sole owners of the property.

[2] Appellants suggest the previous suit resolved the same dispute made the basis of the present suit. However, the record contains no evidence regarding the basis for the previous suit, and thus its subject and result are immaterial to our resolution of the temporary-injunction issues.

[3] The documents pertinent to the attempted execution on the judgment are not in the record. However, in the "Statement of Facts" section of their brief, appellants assert, and Ivey does not controvert, that appellants attempted to execute by having Willie's purported interest in Tract 19 sold. *See* Tex. R. App. P. 38.1(g) (providing, in a civil case, appellate court accepts as true facts in "Statement of Facts" section of appellant's brief unless controverted by another party).

for a sheriff's sale, which action resulted in the present dispute. Appellants claim they are entitled to execute on a portion of Tract 19 known as the "garden spot" because Willie owns that portion, per the above-cited bequeathals. In contrast, Ivey asserts that Willie does not own any portion of Tract 19. According to Ivey, the will contains a mistake or ambiguity because it incorrectly refers to the "garden spot" as located in Tract 19 when it is actually located on the adjoining Tract 21. Therefore, Ivey contends appellants improperly attempt to execute their judgment against Willie on property owned by Ivey and Guillory.

Ivey filed the present suit as a declaratory judgment action and suit to quiet title, seeking a judgment that she and Guillory are sole owners of Tract 19. Ivey also requested a temporary restraining order enjoining the sale of any part of Tract 19, which the trial court granted. Ivey then supplemented her petition and filed an application for a temporary injunction. After conducting a hearing, the trial court issued a temporary injunction, enjoining appellants

> from selling, transferring, conveying or pursuing any action to sale [sic], transfer or convey the property or cloud the title to the property described as—
>
>> A-20 WM Cooper Survey Tract 19 being 0.99 acres as described in the will of Mattie Bell Kelley . . .

Appellants then filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West, Westlaw through 2015 R.S.).

## II. TEMPORARY INJUNCTION

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* To obtain a temporary injunction, the applicant must plead and prove (1) a cause of action

3

against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Id.*

The applicant is not required to establish that she will prevail at a trial on the merits. *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993)). The merits of the applicant's suit are not presented for review. *Id.* Instead, we strictly limit our review to whether the trial court clearly abused its discretion in granting the temporary injunction. *See Butnaru*, 84 S.W.3d at 204; *Sharma*, 231 S.W.3d at 419. We may not reverse a temporary injunction unless the trial court's decision was so arbitrary that it exceeded the bounds of reasonable discretion. *Butnaru*, 84 S.W.3d at 204; *Sharma*, 231 S.W.3d at 419. If some evidence reasonably supports the trial court's decision, there is no abuse of discretion. *Butnaru*, 84 S.W.3d at 211. We view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in favor of the ruling. *LasikPlus of Tex., P.C. v. Mattioli*, 418 S.W.3d 210, 216 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In three issues, appellants contend the trial court erred by issuing the temporary injunction because Ivey cannot prove (1) a cause of action against appellants, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. In the temporary injunction, the trial court essentially recited that Ivey established all the elements. We conclude the trial court did not abuse its discretion by reaching that conclusion.

## A.     Cause of Action against Appellants

In their first issue, appellants argue Ivey does not plead a cause of action against appellants. Appellants cite the portion of Ivey's pleading in which she requests a judgment that she and Guillory are sole owners of Tract 19 and

4

"[appellants] own no Interest." Appellants suggests this statement shows Ivey has no cause of action because appellants are not claiming ownership of the property but rather a right to sell a portion purportedly owned by Willie. However, liberally construing the petition as a whole, it is clear Ivey does not allege that appellants claim ownership, despite the above-quoted statement. Rather, Ivey challenges appellants' claim that they have a right to execute their judgment against Willie by selling a portion of Tract 19. *See Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (recognizing that a court should liberally construe a petition to determine what causes of action may be reasonably inferred from the pleading). Ivey pleads one or more causes of action to challenge appellants' claim.

Specifically, Ivey pleads a suit to quiet title. To prevail in a suit to quiet title, a claimant must prove (1) she has an interest in a specific property, (2) title to the property is affected by a claim of the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *McKinney Ave. Props. No. 2 Ltd. v. Branch Bank and Trust Co.*, No. 05–14–00206–CV, 2015 WL 3549877, at *7 (Tex. App.—Dallas June 5, 2015, no pet. h.) (mem. op.) (citing *Vernon v. Perrien*, 390 S.W.3d 47, 61–62 (Tex. App.—El Paso 2012, pet. denied)). Here, Ivey has an interest in Tract 19 because some or all was bequeathed to her and Guillory. If they own all of Tract 19, Ivey's title will be affected by appellants' claim that they may sell part of the property to execute on a judgment against Willie as another alleged owner. And, appellants' claim, although facially valid based on reading the will, may be invalid if there is a mistake as to the location of the property left to Willie and it is not actually located in Tract 19. Therefore, Ivey adequately pleads an action to quiet title.

Similarly, Ivey seeks relief pursuant to the Texas Declaratory Judgment Act, under which a court "has power to declare rights, status, and other legal relations

5

whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003(a) (West, Westlaw through 2015 R.S.). A declaratory judgment is appropriate if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Id.* Ivey's pleading adequately alleges there is "a real and substantial controversy involving genuine conflict of tangible interests" regarding the parties' rights which will be resolved by the declaration sought—whether appellants have a right to execute their judgment against any portion of Tract 19. Because Ivey asserts a cause of action against appellants, we overrule their first issue.

## B. Probable Right to the Relief Sought

Next, appellants argue that Ivey failed to establish a probable right to the relief sought. The crux of appellants' argument is that Ivey is improperly trying to use theories of ambiguity or mistake to alter the terms of the will and "disinherit" Willie. We conclude Ivey presented evidence of a probable right to relief on, at least, the ground that the will contains a mistake.

The will bequeathed the "garden spot" to Willie, referenced the "garden spot" as located in Tract 19, and bequeathed the "rest" of Tract 19 to Ivey and Guillory. Appellants posit that the will is clear in showing the testator's intent to leave some of Tract 19 to Willie and thus Ivey is precluded from attempting to alter that bequeathal. However, the will is actually clear in expressing intent to leave what is known as the "garden spot" to Willie but mentions Tract 19 as the location of the "garden spot." If what is known as the "garden spot" is not located in Tract 19, there is a mistake in the will; i.e., it is impossible for Willie to inherit a

part of Tract 19 known as the "garden spot" and for appellants to execute against that property if there is no such property within Tract 19.

The sole authority cited by appellants regarding mistake holds that, absent fraud or undue influence, a mistake of fact or law cannot defeat the probate of a will even though the testator might, or would, have made a different will if there had been no such mistake. *Carpenter v. Tinney,* 420 S.W.2d 241, 244 (Tex. Civ. App.—Austin 1967, no writ). But Ivey is not claiming there was any mistake that might have affected the testator's intent relative to the bequeathals. There is no indication Ivey is trying to change the intent of the testator and deprive Willie of any property bequeathed to him. Instead, it is undisputed the testator meant to give Willie a parcel known to the family as the "garden spot." The dispute merely concerns the location of that property—whether it is included in Tract 19 or elsewhere. Ivey seeks to resolve that issue solely to determine whether appellants are entitled to execute their judgment against Willie by selling a portion of Tract 19. Appellants cite no authority precluding the trial court from considering evidence solely for the purpose of determining the location of the property undisputedly left to Willie if the location was mistakenly described in the will.

The record contains some evidence that the "garden spot" is not located in Tract 19. Ivey introduced, without objection, an exhibit that includes a survey of the property. The survey carves out the homestead, which undisputedly is Tract 21, as set forth in the will, and reflects there is one house on Tract 21. The will indicates the "garden spot" is east of the homestead. However, on the survey, Tract 19 sits entirely north of Tract 21. Further, Tract 19 occupies only the west half of all the property sitting north of Tract 21. Thus, the survey shows that no property east of the homestead can be located in Tract 19.

Additionally, although Arthur is one of the appellants and attempting to execute on a portion of Tract 19, even his testimony supports that the "garden spot" is not located in Tract 19. At the hearing, Ivey presented Arthur a copy of the above-referenced survey on which Arthur had previously marked the "garden spot" as entirely located in Tract 21—east of the house—and Arthur confirmed that notation. Arthur further testified that the "garden spot" left to Willie is east of the house, the property left to Ivey and Guillory—Tract 19— is north of the house, and Willie was not left any part of Tract 19.[4]

Moreover, Arthur testified the "garden spot" is "behind" the house. The survey shows that the house faces Bostick Lane which is west. Thus, consistent with Arthur's testimony, the area "behind" the house would be east of that structure, whereas Tract 19 is wholly north of the structure. Consequently, viewed in the light most favorable to the trial court's ruling, the record contains some evidence that there is a mistake in the will because the "garden spot" is not located in Tract 19.[5] Accordingly, the trial court did not abuse its discretion by finding that Ivey established a probable right to the relief sought. We overrule appellants' second issue.

## C.   Probable, Imminent, and Irreparable Injury in the Interim

The crux of appellants' argument on this element is that Ivey will not suffer an irreparable injury absent injunctive relief because it is permissible to sell one

---

[4] Apparently, it is Leonard (appellants' attorney and also a party) who claims the "garden spot" is located in Tract 19. The area of Tract 19 to which he refers is not exactly clear because Ivey called Leonard as a witness but had him draw the alleged location on a demonstrative exhibit which was not admitted. Nonetheless, Leonard also admitted the Kelley family members (i.e., including Arthur) would know best what parcel is known as the "garden spot."

[5] The will suggests the "garden spot" is entirely east of the homestead property, defined as Tract 21, which would place the "garden spot" outside of Tract 21. Ivey and Arthur suggest the "garden spot" lies within Tract 21, albeit east of the house. Regardless, under either scenario, there is some evidence that the "garden spot" does not lie within Tract 19.

8

owner's interest in property without harming another owner's interest; i.e., any sale of Willie's interest will not harm Ivey's interest. However, such position rests on a conclusion that Willie has an interest in Tract 19. If Willie does not, Ivey would suffer a probable, imminent, and irreparable injury if property belonging to her, and not Willie, is immediately sold to satisfy the judgment against Willie, thereby clouding Ivey's title. *See Rus–Ann Dev., Inc. v. ECGC, Inc.*, 222 S.W.3d 921, 927 (Tex. App.—Tyler 2007, no pet.) (stating the potential loss of rights in real property is a probable, imminent, and irreparable injury which qualifies a party for a temporary injunction) (citing *Franklin Savs. Ass'n v. Reese*, 756 S.W.2d 14, 15–16 (Tex. App.—Austin 1988, no writ) (op. on reh'g)). Consequently, the trial court did not abuse its discretion by determining Ivey satisfied this element.

Within their third issue, appellants also present a procedural attack on the injunction. Appellants argue that the trial court did not sufficiently set forth the reasons that Ivey will suffer a probable, imminent, and irreparable injury absent injunctive relief. *See* Tex. R. Civ. P. 683 (providing that an injunction "shall set forth the reasons for its issuance . . . ."). We disagree. The trial court recited that absent injunctive relief, Ivey "probably will be deprived of property she inherited and/or obtained from members of her immediate family and that has been in her family for a number of years. If the Defendants are not enjoined, there is substantial likelihood that Plaintiff's property will be sold, transferred, conveyed and/ or will have the title clouded." We conclude this recitation was sufficiently specific in describing the requisite injury. We overrule appellants' third issue.

### III. REQUEST FOR SANCTIONS

In a cross-point, Ivey requests sanctions solely against appellant Leonard pursuant to Texas Rules of Appellate Procedure 45 or 52.11.

Under Rule 45, we may award "just damages" to an appellee if, after considering everything in our file, we make an objective determination that the appeal is "frivolous." *See* Tex. R. App. P. 45. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether he had reasonable grounds to believe the case could be reversed. *Id.* Rule 45 does not mandate that we award just damages in every case in which an appeal is frivolous. *Id.* The decision to award such damages is a matter within our discretion, which we exercise with prudence and caution after careful deliberation. *Id.*

Ivey contends the appeal is frivolous and brought by Leonard solely to obtain his attorney's fees from the previous suit by executing on a portion of Tract 19. After considering the record, we conclude that damages under Rule 45 are not warranted for such reason. Ivey also argues Leonard brought a frivolous appeal as to Arthur because, pursuant to a motion to show authority, the trial court struck Arthur's answer to the suit and notice of appeal. Ivey attaches as an appendix to her brief an order purportedly supporting this contention. However, we may not consider that document because is not included in the record. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, we reject Ivey's request for sanctions under Rule 45.

Rule 52.11, entitled "Groundless Petition or Misleading Statement or Record," provides:

> On motion of any party or on its own initiative, the court may--after notice and a reasonable opportunity to respond--impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an underlying proceeding;

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

Tex. R. App. P. 52.11. Ivey fails to show that any of these situations applies in this case. Therefore, we reject her request for sanctions under Rule 52.11

## IV. CONCLUSION

Having overruled all of appellants' issues and the cross-point, we affirm the temporary injunction and deny Ivey's request for sanctions.


/s/     John Donovan
         Justice

Panel consists of Justices Christopher, Donovan, and Wise.