**Petitions for Writ of Mandamus and Prohibition Dismissed and Majority and Dissenting Opinions filed December 22, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00731-CV
NO. 14-20-00732-CV

### IN RE SOMAIAH KHOLAIF, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**WRIT OF PROHBITION**
**County Civil County at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1158755**

# DISSENTING OPINION

Today the majority departs from this court's governing precedent by dismissing rather than denying relator Somaiah Kholaif's petitions after she failed to show her entitlement to extradinary relief in these original proceedings. A panel

alone cannot change this court's precedent; it takes an en banc court to do that.[1] So, today's decision does not establish a new procedure.[2] Under principles of horizontal stare decisis,[3] future panels of this court still will be bound by this court's settled precedent unless and until the en banc court votes to change it.[4]

**This court should deny the relator's petitions based on both procedural deficiencies and the substantive barriers to obtaining relief.**

Kholaif seeks a writ of mandamus and a writ of prohibition in this court to prevent the issuance of a writ of possession in the underlying forcible-detainer action. She claims entitlement to this relief on the ground that the presiding judge in the underlying case is impermissibly interfering with this court's appellate jurisdiction in an appeal pending in this court.[5] In that appeal, Kholaif challenges the probate court's denial of her petition for a bill of review under Texas Estates Code section 55.251 ("Bill of Review Appeal").[6]

Kholaif's petitions do not comply with two procedural requirements applicable in original proceedings.[7] These defects alone provide a basis for this court

---

[1] *See Glassman v. Goodfriend*, 347 S.W.3d 772, 781–82 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc); *Johnson v. Harris County*, —S.W.3d—,—, 2020 WL 5792027, at *3 (Tex. App.—Houston [14th Dist.] Sept. 29, 2020, no pet.).

[2] *See Johnson*, 2020 WL 5792027, at *3.

[3] *See Glassman*, 347 S.W.3d at 781–82.

[4] *See id.*; *Burnett v. Sharp*, 328 S.W.3d 594, 597–98 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

[5] *See Kholaif v. Safi*, No. 14-20-00218-CV.

[6] *See* Tex. Estates Code Ann. § 55.251.

[7] *See* Tex. R. App. P. 52.3(j) (requiring relators to certify that every factual statement in the petition is supported by competent evidence in the appendix or record); Tex. R. App. P. 52.7(a)(2) (requiring relators to file with the petition a properly authenticated transcript of any relevant

to deny (not dismiss) Kholaif's petitions.[8] If procedural flaws in an original proceeding deprive the court of so much information about the case and the relief sought that the court cannot analyze the merits, then under established procedure the court denies relief based on the procedural deficiencies.[9] If despite the procedural deficiencies, the court can determine that the relator cannot prove entitlement to relief, the court can deny relief, citing both the procedural defects and the substantive reason the relator cannot prevail.[10] Knowing the futility of trying again saves parties time and expense.

In the final judgment in the de novo appeal of the forcible-detainer action, the county civil court at law awarded only possession. It did not determine title. The issuance of a writ of possession in the underlying forcible-detainer action would not interfere with this court's jurisdiction in the Bill of Review Appeal. For these reasons, Kholaif is not entitled to the mandamus and prohibition relief she seeks. She cannot prevail on the merits. Even if she presented flawless paperwork to this court, she still would not be entitled to relief.[11]

---

testimony from any underlying proceeding or a statement that no testimony was adduced in connection with the matter made the subject of the relator's complaint).

[8] *See In re Fed Ex Ground Package Sys., Inc.*, No. 14-19-00853-CV, 2019 WL 5581576, at *1 (Tex. App.—Houston [14th Dist.] Oct. 29, 2019, orig. proceeding) (mem. op.).

[9] *See id.*

[10] *See In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.); *In re Asafi*, No. 14-09-00908-CV, 2009 WL 3644022, at *1–2 (Tex. App.—Houston [14th Dist.] Nov. 5, 2009, orig. proceeding) (mem. op.); *In re Johnson*, Nos. 14-09-00603-CV, 14-09-00614-CV, 2009 WL 2176576, at *1 (Tex. App.—Houston [14th Dist.] Jul. 23, 2009, orig. proceeding) (mem. op.); *In re Riggins*, No. 14-09-00255-CV, 2009 WL 1150170, at *1 (Tex. App.—Houston [14th Dist.] Apr. 30, 2009, orig. proceeding) (mem. op.).

[11] *See In re K.Y.*, 273 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

In these original proceedings, Kholaif, as the relator, bears the burden of demonstrating her entitlement to relief.[12] This burden includes following the procedural rules and providing this court with a record sufficient to make the requisite showing under the applicable legal standard.[13] Because Kholaif has failed to satisfy this burden, this court should deny Kholaif's petitions based on both the procedural deficiencies and the substantive barriers to obtaining relief.[14]

**The majority departs from binding precedent by dismissing rather than denying relator's petitions.**

Rather than deny Kholaif's petitions, the majority dismisses them.[15] Under this court's precedent, if a relator fails to satisfy the procedural requirements in Texas Rule of Appellate Procedure 52.3(j) or Texas Rule of Appellate Procedure

[12] *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding).

[13] *See Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules"); *In re Nguyen*, No. 14-07-00482-CV, 2007 WL 1815869, at *1 (Tex. App.—Houston [14th Dist.] Jun. 22, 2007, orig. proceeding) (concluding that relator had failed to establish her entitlement to the extraordinary relief she sought because she failed to comply with the requirements of the Texas Rules of Appellate Procedure) (mem. op.).

[14] *See In re Grulkey*, 2010 WL 2171408, at *1; *In re Asafi*, 2009 WL 3644022, at *1–2; *In re Johnson*, 2009 WL 2176576, at *1; *In re Riggins*, 2009 WL 1150170, at *1.

[15] In a published order, the majority previously applied a procedure in this case akin to that in Texas Rule of Appellate Procedure 42.3(c). *See In re Kholaif*, 2020 WL 7013339, at *1–4 (Tex. App.—Houston [14th Dist.] Nov. 25, 2020, orig. proceeding) (published order). The dissent to that order explains why the majority erred in doing so. *See In re Kholaif*, 2020 WL 6930566, at *1–7 (Tex. App.—Houston [14th Dist.] Nov. 25, 2020, orig. proceeding) (published dissent to order).

52.7(a)(2), the court should deny the relator's petitions.[16]  In this line of cases, this court has held that a failure to satisfy the procedural requirements applicable to original proceedings, such as those in Rules 52.3(j) and 52.7(a)(2), means that the relator has not shown entitlement to the relief sought, a failure that requires the court to deny the relator's petitions.[17]  The Texas Rules of Appellate Procedure also require this disposition.  Under Rule 52.8(a)'s plain text, if this court determines that the relator is not entitled to the relief sought, this court "must deny the petition."[18]

---

[16] *See, e.g.*, *In re Moody*, No. 14-20-00529-CV, 2020 WL 4520415, at *1 (Tex. App.—Houston [14th Dist.] Aug. 6, 2020, orig. proceeding) (mem. op.); *In re Jimenez*, No. 14-20-00387-CV, 2020 WL 3527550, at *1 (Tex. App.—Houston [14th Dist.] June 30, 2020, orig. proceeding) (mem. op.); *In re Wigley*, No. 14-19-00749-CV, 2019 WL 5078650, at *2–3 (Tex. App.—Houston [14th Dist.] Oct. 10, 2019, orig. proceeding) (mem. op.); *In re Sorrow*, No. 14-19-00690-CV, 2019 WL 4419645, at *1 (Tex. App.—Houston [14th Dist.] Sept. 17, 2019, orig. proceeding) (mem. op.); *In re Starks*, No. 14-17-00970-CV, 2018 WL 505206, at *1 (Tex. App.—Houston [14th Dist.] Jan. 23, 2018, orig. proceeding) (mem. op.); *In re Fields*, No. 14-17-00640-CV, 2017 WL 3495396, at *1–2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2017, orig. proceeding) (mem. op.); *In re Foster*, No. 14-16-00797-CR, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (mem. op.); *In re Marrs*, No. 14-11-00993-CV, 2011 WL 5928582, at *1–2 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, orig. proceeding) (mem. op.); *In re Robertson*, No. 14-09-00478-CV, 2009 WL 1678106, at *1–2 (Tex. App.—Houston [14th Dist.] Jun. 11, 2009, orig. proceeding) (mem. op.); *In re Riggins*, 2009 WL 1150170, at *1; *In re Clewis*, No. 14-09-00272-CV, 2009 WL 909569, at *1 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009 [mand. denied], orig. proceeding) (mem. op.); *In re McCloskey*, No. 14-08-00040-CV, 2008 WL 256977, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2008, orig. proceeding) (mem. op.); *In re Nguyen*, 2007 WL 1815869, at *1; *In re Doxey*, No. 14-07-00852-CV, 2007 WL 4841275, at *1 (Tex. App.—Houston [14th Dist.] Nov. 1, 2007, orig. proceeding) (mem. op.); *In re Intracare Hosp.*, No. 14-07-00127-CV, 2007 WL 704950, at *1 (Tex. App.—Houston [14th Dist.] Mar. 8, 2007, orig. proceeding) (mem. op.); *In re Starfleet Marine Transp.*, No. 14-03-00575-CV, 2003 WL 21232095, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2003, orig. proceeding) (mem. op.).

[17] *See, e.g.*, *In re Nguyen*, 2007 WL 1815869, at *1 (concluding that relator had failed to establish her entitlement to the extraordinary relief she sought because she failed to comply with the requirements of the Texas Rules of Appellate Procedure).

[18] Tex. R. App. P. 52.8(a) (stating that "[i]f the court determines from the petition and any response and reply that the relator is not entitled to the relief sought, the court must deny the petition"); *In re Nguyen*, 2007 WL 1815869, at *1.

Thus, under both the unambiguous terms of the governing rules[19] and the court's binding precedents, the court must deny the petition of a relator who fails to show entitlement to the relief sought.[20]

By dismissing relator's petitions, the majority fails to follow Rule 52.8(a)'s plain directive as well as this court's established procedure.[21] Neither the parties nor the majority have cited, nor has research revealed an on-point decision from the Supreme Court of Texas or this court sitting en banc that goes against this court's many holdings on these points. Nor has the majority pointed to a material change in relevant statutes or rules since this court issued these decisions. These holdings do not amount to obiter dicta; each of them binds the panel.[22] By failing to follow them and opting instead to create an alternate disposition in conflict with settled precedent,

---

[19] This court must give effect to the plain meaning of the language used in the Texas Rules of Appellate Procedure. *See Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex. 2001); *Glassman*, 347 S.W.3d at 781–82.

[20] *See* Tex. R. App. P. 42.3, 52.8(a); *In re Nguyen*, 2007 WL 1815869, at *1.

[21] *See, e.g.*, *In re Moody*, 2020 WL 4520415, at *1; *In re Jimenez*, 2020 WL 3527550, at *1; *In re Wigley*, 2019 WL 5078650, at *2–3; *In re Sorrow*, 2019 WL 4419645, at *1; *In re Starks*, 2018 WL 505206, at *1; *In re Fields*, 2017 WL 3495396, at *1–2; *In re Foster*, 503 S.W.3d at 607; *In re Marrs*, 2011 WL 5928582, at *1–2; *In re Robertson*, 2009 WL 1678106, at *1–2; *In re Riggins*, 2009 WL 1150170, at *1; *In re Clewis*, 2009 WL 909569, at *1; *In re McCloskey*, 2008 WL 256977, at *1; *In re Nguyen*, 2007 WL 1815869, at *1; *In re Doxey*, 2007 WL 4841275, at *1; *In re Intracare Hosp.*, 2007 WL 704950, at *1; *In re Starfleet Marine Transp.*, 2003 WL 21232095, at *1.

[22] *See Glassman*, 347 S.W.3d at 781 (noting that under principles of horizontal stare decisis, a panel of this court is bound by a prior holding of another panel of this court absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel holding or an intervening and material change in the statutory law).

the majority creates a lack of uniformity in this court's decisions and defies core principles of stare decisis.[23]

In the recent *In re Norvell*[24] and *In re Hughes*[25] cases, panels of this court failed to follow this court's binding precedent. That failure does not open the door for other panels to do the same. Nor do the holdings in these cases bind the court in today's cases or in future cases.[26]

Even if today's decision did not go against the rules and the court's binding precedent, it would not offer a good alternative to established practice because the majority's dismissal procedure increases the costs, time, and uncertainty of litigation and creates false expectations in parties by encouraging them to try again when doing so ultimately will end in certain failure. The court's existing precedent and procedure spare parties both the expense and the frustration that comes with unmet expectations. The current regime also promotes efficiency both for the litigants and the courts. The dismissal procedure the majority invokes does the opposite.

## Conclusion

In departing from binding precedent the majority creates confusion and uncertainty, not a new procedure. Panels that follow binding precedent lend

---

[23] *See id.*

[24] *See In re Norvell*, No. 14-20-00648-CV, 2020 WL 5902928, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 6, 2020, orig. proceeding).

[25] *See In re Hughes*, 607 S.W.3d 136, 137–38 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

[26] *See Glassman*, 347 S.W.3d at 781; *In re Norvell*, 2020 WL 5902928, at *1–2; *Johnson*, 2020 WL 5792027, at *3; *In re Hughes*, 607 S.W.3d at 137–38; *Burnett*, 328 S.W.3d at 597–98.

certainty to the law, protect legitimate expectations, and uphold the dignity of the court.  To promote and protect these important rule-of-law principles, panels of this court must adhere to horizontal stare decisis by honoring binding precedent. In today's cases that means denying Kholaif's petitions rather than dismissing them.




/s/  Kem Thompson Frost
   Chief Justice

Panel consists of Chief Justice Frost and Justices Bourliot and Spain (Spain, J., majority).